**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Benjamin P. Lopez,                          Case No. 19-cv-3095 (DSD/DTS)

      Plaintiff,

v.                                          **REPORT & RECOMMENDATION**

Chaplain Alcazar, et al.,

      Defendants.

---

Plaintiff Benjamin Lopez, a former federal prisoner, filed this § 1983 action while incarcerated against several Bureau of Prisons (BOP) defendants alleging violations of his constitutional rights. Throughout this litigation Lopez has failed to timely comply with procedural processes, deadlines, and court orders. This Court has already once recommended that Lopez's complaint be dismissed for failure to prosecute. *See* R. & R., May 8, 2020, Dkt. No. 14, *vacated*, Order, Jun. 1, 2020, Dkt. No. 21. Because Lopez has continually failed to prosecute his claims, follow the Rules, and comply with court orders, this Court recommends that his case be dismissed.

**FINDINGS OF FACT**

Ten months ago, Lopez filed this lawsuit against sixteen BOP employees. In January, this Court ordered Lopez to complete Marshal Service Forms (Form USM-285) for each defendant and properly submit those forms within thirty days. *See* Order ¶ 2, Jan. 31, 2020, Dkt. No. 4. But more, the Order stated that if Lopez failed to do so, this Court would recommend that his claims be dismissed without prejudice for failure to prosecute. *Id.* After more than two months passed without Lopez complying with the Court's order, the Court issued a Report and Recommendation to dismiss Lopez's claims

without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). R. & R., May 8, 2020, Dkt. No. 14. Ten days later Lopez objected to the Court's Report and Recommendation, informing the Court that he had been "segregated for over 8 months with no access to any legal material."[1] *See* Pl.'s Obj. to R. & R. 1, May 18, 2020, Dkt. No. 15. Given Lopez's explanation, this Court vacated its Report and Recommendation, allowing Lopez to pursue his claims. Order, Jun. 1, 2020, Dkt. No. 21.

Since then, Lopez's actions—or lack thereof—again reflect that he is failing to prosecute his claims. The BOP released Lopez from custody at the beginning of June; immigration officials removed him from the United States to Mexico a week later. Since his removal Lopez has failed to update the Court with his new contact information: his mail has been repeatedly returned as undeliverable and he has not responded to any of the Government's filings. *See* Dkt. Nos. 26–29 (clerk entry noting mail returned as undeliverable). Ten months have passed since Lopez filed this case and still ten of the sixteen defendants have not been served. Def. Mem. 1, Aug. 28, 2020, Dkt. No. 36. Indeed, there is no indication Lopez has contacted the Court or any party to his lawsuit since May. *See* Summons, July 7, 2020, Dkt. No. 28 (reflecting Lopez dated the form on May 14, 2020).

---

[1] The Court questions the veracity of Lopez's statement, given that he filed this action in the purportedly eight months that he was segregated and unable to comply with this Court's order. Yet during that time Lopez also found a way to apply for *in forma pauperis* status, IFP Appl., Dec. 16, 2019, Dkt. No. 2, send letters to the clerk's office, Pl.'s Ltr., Dec. 16, 2020, Dkt. No. 3, file motions with the Court, Pl.'s Mot., Feb. 3, 2020, Dkt. No. 8, and apprise the Court of his impending transfer, Pl.'s Not., Mar. 13, 2020, Dkt. No. 10; Pl.'s Not., Mar. 19, 2020, Dkt. No. 11.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) gives courts discretion to dismiss an action "on the merits" when a party fails to prosecute their claims, comply with procedural rules, or follow a court's orders. Fed. R. Civ. P. 41(b); *see Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *Doe v. Cassel*, 403 F.3d 986, 988–90 (8th Cir. 2005) (per curiam) (upholding dismissal for undue delay and failure to comply with court orders). "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Though Rule 41(b)'s dismissal with prejudice is a "drastic and extremely harsh sanction," it is proper when "there has been a clear record of delay or contumacious conduct by the plaintiff." *DiMercurio v. Malcom*, 716 F.3d 1138, 1139 (8th Cir. 2013) (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999)). Dismissing a litigant's case on the merits is no doubt a harsh sanction "generally invoked in instances involving more egregious conduct, such as willful violations of court orders [and] . . . warranted in cases where the Plaintiff has engaged in continued or persistent failure to prosecute an action." *Leekley-Winslow v. Minnesota*, No. 19-cv-2071 (NEB/HB), 2020 WL 2100856, at *4 (D. Minn. Mar. 30, 2020), *report and recommendation adopted*, No. 19-cv-2071 (NEB/HB), 2020 WL 2097620 (D. Minn. May 1, 2020) (internal quotation marks omitted). In deciding between dismissal with or without prejudice, the Eighth Circuit has admonished that "[e]ven where the facts might support dismissal with prejudice, this

ultimate sanction should only be used when lesser sanctions prove futile." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (cleaned up).

While the Court takes seriously allegations of constitutional violations and does not unreasonably subject pro se litigants to stringent procedural niceties, *cf. Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014), court-afforded flexibility does not exempt pro se litigants from the requirement to prosecute their case or follow court orders and rules, *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988).

The facts here warrant dismissal with prejudice. This court has repeatedly shown compassion, considering Lopez's incarceration at the beginning of this litigation and diminished access to legal resources while in segregation. But Lopez has not just engaged in conduct satisfying one reason to dismiss his case under Rule 41(b), but all three: First, he has neglected to follow the Federal Rules of Civil Procedure and serve ten of the sixteen defendants for over ten months despite this Court encouraging him to do so because service is fundamental to the litigation process. *Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999); *see, e.g.*, *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) (upholding dismissal where plaintiff failed to serve named party). Next Lopez has failed to actively participate in litigation and prosecute his case. Aside from his procedural transgressions, he has taken no action here since May. Notably he did not even respond to the Government's motion to dismiss. And finally Lopez has repeatedly disregarded this Court's orders. This Court was lenient in May by vacating its Report and Recommendation after Lopez explained his conduct. But five months later Lopez has still not complied with the Court's January order. *See* Order, Dkt. No. 4. Equally important, Lopez has not updated this Court with his current address or contact

information since his release from BOP. *See Williams v. Johnson*, No. 4:9-cv-913, 2010 WL 2383898, at *1 (E.D. Ark. May 14, 2010), *report and recommendation adopted*, No. 4:9-cv-913, 2010 WL 2383896 (E.D. Ark. June 11, 2010) (dismissing case for party's failure to keep court apprised with change of address).

Lopez's systemic failure to prosecute this action and his "clear record of delay" warrant dismissal. *Brown v.* Frey, 806 F.2d 801, 803 (8th Cir. 1986). That Lopez's repeat failure to prosecute and comply with rules and orders was unphased by this Court's previous recommendation of dismissal without prejudice suggests that no lesser sanction is effective, and recommending the same result would "prove futile." *Hunt*, 203 F.3d at 527.

## ORDER

For these reasons, IT IS HEREBY ORDERED THAT:

1.    Defendants' motion to dismiss [Docket No. 35] be **GRANTED**;

2.    Plaintiff Benjamin Lopez's complaint be **DISMISSED WITH PREJUDICE**.


Dated: October 21, 2020                        __s/David T. Schultz____
                                               DAVID T. SCHULTZ
                                               United States Magistrate Judge